IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40530
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS GONZALEZ-TORRES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(97-CR-278-2)
- - - - - - - - - -

February 15, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jesus Gonzalez-Torres was convicted by a jury of (1) conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846, and, (2) aiding and abetting in the possession with intent to distribute more than 3.4 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 960(a)(1), (b)(2). He was sentenced after judgment was entered consistent with the jury's verdict. Gonzalez requests that the judgment be reversed and a new trial ordered, arguing on appeal that the verdict went against the great weight of evidence and that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the jury ignored the court's instructions when it rendered a verdict of guilty.

A jury verdict will be upheld on appeal if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Payne*, 99 F.3d 1273, 1278 (5th Cir. 1996). Gonzalez relies on the testimony of three co-defendants, all of whom testified that Gonzalez was not involved in the conspiracy. Thus, to reach a guilty verdict, the jury had to have found the co-defendants' testimony not credible. As the jury is the final arbiter of witness credibility, *United States v. Restrepo*, 994 F.2d 173, 182 (5th Cir. 1993), we resolve credibility determinations in favor of the verdict. *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995).

Although there was testimony at trial supporting a conclusion that Gonzalez was not guilty, there is also substantial evidence in the record supporting the jury's guilty verdict. *See United States v. Espinoza-Seanez*, 862 F.2d 526, 536 (5th Cir. 1988)(holding that there must be substantial evidence to uphold the verdict of the jury). Specifically, (1) during post-arrest interviews, two of the co-defendants implicated Gonzalez as the source of the cocaine, (2) Gonzalez's car was parked at the house where the drug transaction was scheduled to be consummated, and (3) two kilograms of cocaine were found in that car shortly after the transaction was negotiated, at about the time the transaction was to take place. As there is an evidentiary basis on which the verdict can be supported, the judgment must be, and therefore is,

AFFIRMED.